### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### ALASKA STEAMSHIP COMPANY and American Radio Association, AFL–CIO, Respondents.

### No. 13559.

United States Court of Appeals Ninth Circuit.

May 22, 1957.

the entry of a supplemental decree specifying the amount of back pay owing by the respondents in the above-entitled proceeding.

In the main case, reported at 211 F.2d 357, we upheld the Board's findings and decision that respondents had violated the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., by discriminately denying employment to one Underwood, and we accordingly granted a decree enforcing the Board's order. In the course of the opinion, we observed that in our view back pay computation may not include losses accruing through a worker's willful refusal of equivalent employment.[1] At that time, of course, no award of back pay had as yet been made.

Following this, the Board scheduled and conducted extensive supplemental hearings for the purpose of determining the amount of Underwood's back pay, specifically including an inquiry into the diligence of Underwood's efforts to mitigate his loss and the question whether he willfully refused offers of equivalent employment. On the basis of this inquiry the trial examiner and the Board concluded that the amount of back pay properly awardable was $1,771.87.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Washington, D. C., Patrick Walker, Seattle, Wash., Thomas J. McDermott, Attorneys, N.L.R.B., Washington, D. C., for petitioner.

Bogle, Bogle & Gates, J. Tyler Hull, Bassett, Davies & Roberts, John Geisness, Seattle, Wash., Jay A. Darwin, San Francisco, Cal., for respondents.

Before DENMAN, Chief Judge, and STEPHENS and HEALY, Circuit Judges.

PER CURIAM.

The matter before us is a motion of the National Labor Relations Board for

While the respondents assail the determination reached by the Board, we are satisfied from the showing made that the amount awarded is proper and does not impinge upon the views we expressed in our former opinion. As observed in N.L.R.B. v. Seven-Up Bottling Co., 344 U.S. 344, 346–347, 73 S.Ct. 287, 289, 97 L.Ed. 377, a back pay order of the Board "should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act."

Accordingly, a supplemental decree will be entered as asked in the Board's motion.

1. In its supplemental decision and order, presently before us, the Board states that it "shares the Court's concern" as to those matters and "has consistently applied" the principles adverted to by us.